﻿Citation Nr: AXXXXXXXX
Decision Date: 06/16/20 Archive Date: 06/16/20

DOCKET NO. 200221-68119
DATE: June 16, 2020

ORDER

Entitlement to special monthly pension (SMP) for the appellant based upon the need for aid and attendance or being housebound is denied.

FINDING OF FACT

The appellant’s income exceeds the applicable limit for survivor’s pension.

CONCLUSION OF LAW

The criteria for nonservice-connected death pension (survivor’s pension) are not met. 38 U.S.C. §§ 1503, 1541, 5312; 38 C.F.R. §§ 3.3, 3.50, 3.271, 3.272.

REASONS AND BASES FOR FINDING AND CONCLUSION

The Veteran served on active duty from December 1957 to December 1960. The Veteran died in January 1998 and the appellant is his surviving spouse. 

The agency of original jurisdiction (AOJ) issued a notice of determination in January 2020 under the modernized review system, known as the Appeals Modernization Act (AMA). In February 2020, the appellant submitted a notice of disagreement (VA Form 10182) to appeal to the Board of Veterans’ Appeals (Board) and requested the Evidence Submission lane. The appellant submitted an Examination for Housebound Status or Permanent Need for Regular Aid and Attendance (VA Form 21-2680) in February 2020.

1. Pension

Survivor pension is a benefit payable by VA to an eligible surviving spouse or child because of the veteran’s nonservice-connected death. Basic entitlement to pension exists if, among other things, the claimant’s income is not in excess of the maximum annual pension rate (MAPR) specified in 38 C.F.R. § 3.23. 38 U.S.C. § 1541; 38 C.F.R. § 3.3(a)(3). Thus, the question for the Board is whether the appellant, as the eligible surviving spouse has an annual income not in excess of the applicable MAPR. 38 U.S.C. § 1521; 38 C.F.R. § 3.3(b)(4).

A surviving spouse who meets these requirements will be paid the maximum rate of death pension, reduced by the amount of countable income. 38 U.S.C. § 1541; 38 C.F.R. § 3.23. An additional amount is paid to a surviving spouse in need of aid and attendance. 38 C.F.R. § 3.23(a)(6). In determining income for this purpose, payments of any kind from any source are counted as income during the 12-month annualization period in which received unless specifically excluded. 38 U.S.C. § 1503; 38 C.F.R. § 3.271. Income from the Social Security Administration (SSA) is not specifically excluded under 38 C.F.R. § 3.272. Therefore, such income is included as countable income.

Unreimbursed medical expenses will be excluded from surviving spouse’s income when all of the following requirements are met: (i) They were or will be paid by a surviving spouse for medical expenses of the spouse, veteran’s children, parents and other relatives for whom there is a moral or legal obligation of support; (ii) They were or will be incurred on behalf of a person who is a member or a constructive member of the spouse’s household; and (iii) They were or will be in excess of 5 percent of the applicable maximum annual pension rate or rates for the spouse (including increased pension for family members but excluding increased pension because of need for aid and attendance or being housebound) as in effect during the 12-month annualization period in which the medical expenses were paid. 38 C.F.R. § 3.272(g)(2).

The MAPR are specified in 38 U.S.C. §§ 1521 and 1542, as increased from time to time under 38 U.S.C. § 5312. The appellant's income is not in excess of the applicable MAPR and specified at 38 C.F.R. § 3.23, as changed periodically, and reported in the Federal Register. 38 U.S.C. § 1521. The maximum pension rate is reduced dollar for dollar by the amount of the countable income of the appellant and any dependent. 38 U.S.C. § 1521; 38 C.F.R. § 3.23(d).

After a review of the evidentiary record, the Board finds that, even assuming the appellant meets the requirements for aid and attendance, her countable income exceeds the maximum allowable income for survivor pension.

Beginning December 1, 2017, the MAPR for a surviving spouse with no dependents who needs aid and attendance was $14,113.00. See Survivors Pension Rate Tables-Effective 12/1/17. The monthly rate during this time period was $1,176.00 ($14,113.00 divided by 12 months, then rounded down to the nearest dollar per 38 C.F.R. § 3.29(b)). To be deducted, medical expenses must exceed five percent of MAPR, which was $442.00 per year (excluding increased pension because of need for aid an attendance or being housebound).

The appellant’s SSA benefit payments totaled $14,100.00. She reported additional income of $900.00 from dividends and interest. The appellant indicated on her August 2018 application a payment of $5,220.00 for an assistive living facility and a May 2019 submission from that facility indicated that they did not provide skilled or intermediate level of nursing care to the Veteran. However, as the facility and the appellant’s daughter reported that the appellant had no medical expenses, these expenses were not considered. As such, the appellant’s countable income is $15,000.00, which exceeds the MAPR.

Beginning December 1, 2018, the MAPR for a surviving spouse with no dependents who needs aid and attendance was $14,509.00. See Survivors Pension Rate Tables-Effective 12/1/18. The monthly rate during this time period was $1,209.00 ($14,509.00 divided by 12 months, then rounded down to the nearest dollar per 38 C.F.R. § 3.29(b)). To be deducted, medical expenses must exceed five percent of MAPR, which was $453.00 per year (excluding increased pension because of need for aid an attendance or being housebound).

The appellant did not submit any income or medical expense information for this time period. Assuming her income remained approximately the same as reported last year, her total income was $15,000.00, which exceeds the MAPR.

Beginning December 1, 2019, the MAPR for a surviving spouse with no dependents who needs aid and attendance was $14,742.00. See Survivors Pension Rate Tables-Effective 12/1/19. The monthly rate during this time period was $1,228.00 ($14,742.00 divided by 12 months, then rounded down to the nearest dollar per 38 C.F.R. § 3.29(b)). To be deducted, medical expenses must exceed five percent of MAPR, which was $461.00 per year (excluding increased pension because of need for aid an attendance or being housebound).

The appellant did not submit any income or medical expense information for this time period. Assuming her income remained approximately the same as last reported, her total income was $15,000.00, which exceeds the MAPR.

(Continued on the next page)

 

To reiterate, the appellant’s adjusted annual income exceeded the MAPR for each year on appeal. For the years she did not submit income or medical expense information, the Board finds that it is more favorable to carry over the earlier amount, which is greater. As her income has exceeded the amounts that would allow for the award of nonservice-connected survivor pension benefits, nonservice-connected survivor pension benefits are not warranted.

 

 

KRISTY L. ZADORA

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board D. M. Donahue Boushehri, Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.